## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC. <br> 425 Third Street, SW, Suite 800 <br> Washington, D.C. 20024, | ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | Civil Action No. |
| v. | ) <br> ) | |
| U.S. AIR FORCE, <br> 1000 Air Force Pentagon <br> Washington, DC 20330-1000, | ) <br> ) <br> ) <br> ) | |
| and | ) <br> ) | |
| U.S. SECRET SERVICE, <br> 245 Murray Drive, Building 410 <br> Washington, DC 20223, | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | |

## **COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendants U.S. Air Force and U.S. Secret Service to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### **JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### **PARTIES**

3. Plaintiff Judicial Watch, Inc. ("Plaintiff") is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at

425 Third Street, SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law.  In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant U.S. Air Force ("Air Force") is an agency of the U.S. Government and is headquartered at 1000 Air Force Pentagon, Washington, DC 20330-1000.  The Air Force has possession, custody, and control of certain public records to which Plaintiff seeks access.

5. Defendant U.S. Secret Service ("Secret Service") is an agency of the U.S. Government and is headquartered at 245 Murray Drive, Building 410, Washington, DC 20223.  The Secret Service has possession, custody, and control of certain public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6. On February 21, 2012, Plaintiff submitted a FOIA request to the Air Force, by facsimile and certified mail, seeking access to the following public records:

   i. Any and all records concerning mission taskings of First Lady Michelle Obama's February 2012 trip to Aspen, Colorado;

   ii. Any and all records concerning transportation costs for Mrs. Obama's February 2012 trip to Aspen, Colorado;

   iii. Any and all passenger manifests (DD-2131) for Mrs. Obama's February 2012 trip to Aspen, Colorado.

7. Although Plaintiff initially sent its FOIA request to the Air Force's FOIA Headquarters Office, the request, which was assigned FOIA case number 2012-02506-F, was transferred to the Air Mobility Command ("AMC"), a component of the Air Force, on April 11, 2012.

8.     AMC acknowledged receipt of Plaintiff's FOIA request on April 11, 2012 and stated that it would provide a response to Plaintiff's FOIA request by May 23, 2012.  In a subsequent communication dated April 25, 2012, AMC indicated that it could not provide a specific date for the production of records responsive to Plaintiff's FOIA request.

9.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the Air Force was required to determine whether to comply with Plaintiff's request within twenty (20) working days after AMC's receipt of the request on April 11, 2012 and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.  Accordingly, the Air Force's determination was due by May 9, 2012 at the latest.

10.    On February 21, 2012, Plaintiff submitted a FOIA request to the Secret Service, by facsimile and certified mail, seeking access to the following public records:

> All records concerning use of U.S. Government funds to provide security and/or any other services to First Lady Michelle Obama, Malia Obama, Sasha Obama, and any companions on their February 2012 trip to Aspen, Colorado

11.    The Secret Service acknowledged receipt of Plaintiff's FOIA request on March 12, 2012 and assigned the request File No. 20120270.

12.    Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the Secret Service was required to determine whether to comply with Plaintiff's request within twenty (20) working days after receipt of the request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.  Because Plaintiff sent its request to the component of Defendant designated by Defendant to receive FOIA requests, pursuant to 5 U.S.C. § 552(a)(6)(A) this twenty (20) working day time period did not commence until ten (10) working days after Defendant's receipt of the request on March 12, 2012.  Accordingly, Defendant's determination was due by April 23, 2012 at the latest.

13. As of the date of this Complaint, Defendants the Air Force and the Secret Service ("Defendants") have failed to: (i) determine whether to comply with Plaintiff's requests; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

14. Because Defendants failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its requests, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
**(Violation of FOIA, 5 U.S.C. § 552)**

15. Plaintiff realleges paragraphs 1 through 14 as if fully stated herein.

16. Defendants are unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

17. Plaintiff is being irreparably harmed by reason of Defendants' unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to conform their conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendants to conduct a search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to

5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

| | |
|---|---|
| Dated: May 31, 2012 | Respectfully submitted, |
| | JUDICIAL WATCH, INC. |
| | /s/ Paul J. Orfanedes<br>D.C. Bar No. 429716<br>425 Third Street, S.W., Suite 800<br>Washington, DC 20024<br>(202) 646-5172 |
| | *Attorneys for Plaintiff* |